## MESS v. MOSTELLER.

(Court of Appeals of District of Columbia. Submitted December 6, 1923. Decided January 7, 1924.)

No. 3957.

1. **Landlord and tenant ⬅278½, New, vol. IIA Key-No. Series—Landlord desiring premises for personal occupancy entitled to possession under District of Columbia rent laws, though he owned other property equally available; "immediately."**

Where landlord and his wife were both over 70 years of age, and living at a remote distance from the car line, at a place that was inadequate to their needs, and they desired premises occupied by tenant for their actual and bona fide occupancy, *held* that, under Rent Law, § 109, they were entitled to possession, though they had other properties equally available; the term "immediately," as used in the statute, relating to the time when the necessity exists, not to the degree of necessity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately.]

2. **Landlord and tenant ⬅278½, New, vol. IIA Key-No. Series—Provision of rent law relating to landlord's securing possession for personal occupancy liberally construed.**

Rent Law, § 109, under which landlord may gain possession of real estate for his own use and occupancy, being intended for the protection of the landlord, rather than the tenant, where ownership and necessity for occupancy are established, it should be given a somewhat liberal construction.

In Error to the Municipal Court of the District of Columbia.

Landlord and tenant proceeding by Michael A. Mess, as landlord, against Mrs. L. M. Mosteller, as tenant. Judgment for tenant, and landlord brings error. Reversed and remanded for further proceedings.

George E. Sullivan, of Washington, D. C., for plaintiff in error.

J. W. Tomlinson, of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is a landlord and tenant proceeding, in error to the municipal court of the District of Columbia.

[1] Plaintiff in error is the owner of premises No. 1418 M Street, Northwest, Washington, D. C., while defendant in error is in possession of the premises as a tenant by sufferance. On November 14, 1922,

plaintiff in error served a written 30-day notice to quit, setting forth his bona fide ownership of the premises, and that:

"The said premises are necessary immediately for the actual and bona fide occupancy of my wife and myself, as we are both over 70 years of age, and the quarters which we are now occupying are located in Chevy Chase, Md., at a remote distance from the car line and inadequate to our needs in going back and forth to the city of Washington, where I conduct my office and business."

The court below found as a fact the existence of the conditions set forth in the notice to quit, but held the word "immediately," appearing in section 109 of the District Rent Law (41 Stat. 301; 42 Stat. 547), to be synonymous with "indispensably" and "imperatively," on the theory:

"That the act was intended primarily for the benefit of tenants, not landlords, and that the court must consider the inconvenience to the tenant which would be necessitated by her dispossession if the owner were allowed to use the property for himself as a home, to avoid inconvenience and hardship to himself in his present location."

[2] Section 109 of the Rent Act furnishes, in our opinion, a speedy, common-sense method by which an owner of real estate may gain possession thereof for his own use and occupancy. This right to landlords seems to have been one exempted from the general stringent provisions of the act, and being intended for the protection of the landlord, rather than the tenant, where ownership and necessity for occupancy are established, we think it should be given a somewhat liberal construction.

It is difficult to conceive of a stronger case than the one at bar establishing the necessity of possession of property for the owner's use and occupancy. It matters not that the owner may have had other properties equally available; the choice of which one he will occupy is with the owner, and not the tenant. The right is one reserved to the owner, and when asserted in terms of the statute he should not be deprived of that right by the courts. The term "immediately," as used in the statute, relates to the time when the necessity exists, not to the degree of necessity.

It is unnecessary to consider the contention of appellant as to the constitutionality of the present Rent Act, since the disposition of his appeal is favorable.

The judgment is reversed, with costs, and cause remanded for further proceedings.

BARBER, Acting Associate Justice, concurs.