## JOSEPH CARVALHO AND ELIZABETH CARVALHO
### *v.* LAWRENCE CORREA.

No. 2716.

ARGUED OCTOBER 12, 1948.                    DECIDED OCTOBER 25, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
BUCK IN PLACE OF PETERS, J., ABSENT.

This is a statutory action for summary possession under section 10402 of Revised Laws of Hawaii 1945.

The facts of the case are not in dispute. A parol tenancy from month to month of a certain house and lot in Honolulu had existed between the parties. Rent was reserved, payable in advance. Although rented for and used as a dwelling, the premises were additionally used by the tenant illegally for commercial purposes, *i. e.*, as a place of business to store merchandise, which was in violation of a municipal zoning ordinance, the business being that of a mobile grocery store. This illegal commercial use continued for more than a year immediately preceding the institution of the instant action and necessarily increased the wear and tear upon the rented premises over that which would ordinarily occur when used solely as .a dwelling, if not causing actual damage as claimed by the landlords. The landlords were aware of this situation and continued to accept monthly rent, the last acceptance of rent being in advance for the month of January, 1948. On January 19, 1948, the landlords gave the tenant written notice to vacate as follows: "You are hereby instructed to quit and vacate the premises you are occupying at the end of your current rental month, to-wit, January 31, 1948. You have violated the terms of your tenancy by using the dwelling premises for business purposes, and though I have warned you against doing so, you have persisted." The tenant refused to vacate and on February 2, 1948, the landlords brought action in the district court of Honolulu wherein they prevailed. The tenant appealed to the circuit court. After a trial *de novo*, jury waived, the circuit court entered judgment for the tenant. The landlords now seek appellate review of that judgment by writ of error.

The assignment of errors alleges error in findings of law made by the trial judge to the effect that the landlords,

by accepting rent with knowledge of the tenant's misuse of the rented premises, waived their right to possession and that the written notice to vacate was ineffective to terminate the tenancy.

It readily is apparent that if the notice were ineffective, the tenancy would have continued and the landlords would have had no possessory right to waive. But clearly the written notice to vacate at the end of the particular monthly rental period which was served more than ten days prior thereto, strictly complied with section 10402 of Revised Laws of Hawaii 1945 and, where as here the tenant had not failed to pay the rent reserved, the section provides no other method for the landlords to terminate the month to month tenancy. Such being the case of the landlords that character of tenancy could "* * * only be terminated by written notice to vacate * * * given ten days or more preceding the end of * * * " the monthly rental period by them to the tenant. (R. L. H. 1945, § 10402.) Nevertheless, the notice of the landlords would not be effective or give rise to an enforceable right to possession if the termination of the tenancy were prohibited by, or the eviction of the tenant were contrary to, " * * * the provisions of any rent control ordinance declaring an emergency arising out of a housing shortage and prohibiting termination of tenancies or restricting the grounds for termination thereof, pursuant to the powers conferred by subsection 10 of section 6233 and subsection 4 of section 6521, so long as such emergency continues." (R. L. H. 1945, § 10418.) Before it can be said, therefore, that the landlords waived or did not waive an enforceable right to possession, it must first be ascertained that the termination of tenancy giving rise to that right was not prohibited by a rent control ordinance or that the tenant's eviction in the exercise of such right would not be contrary to the provisions of such an ordinance.

The emergency rent control ordinance, applicable to the locale of the rented premises and in force at the time, is ordinance number 941, as amended, of the City and County of Honolulu. Its primary purpose is to protect tenants in their use for living or dwelling purposes of housing accommodations, defined as any building "rented or offered for rent" for those purposes. (Ord. 941, § 1.) Section 9 of the ordinance as amended by ordinance number 1036 is entitled: "Recovery of possession by landlord, when permitted." It deprives a landlord of the right to maintain an action for possession with certain specified exceptions. Only one of those exceptions need be considered. Pertinent to the facts of this case that exception is found in subsection 1 (b) of the section. The section and subsection in part reads: "It shall be unlawful for any person to institute any action or proceeding to recover possession of housing accommodations so long as the tenant continues to pay the rent to which the landlord is entitled under this ordinance, unless: (1) The tenant is * * * (b) * * * using the housing accommodations for * * * illegal purposes or for other than living or dwelling purposes." The words "is * * * using" of the exception connote a continuing use of some permanence and a necessary implication arises consonant to the legislative purpose of the ordinance as a whole that a landlord is permitted to institute any action or proceeding to recover possession even though the tenant continues to pay the rent when the tenant is continuously using the rented accommodations for illegal or other than living or dwelling purposes. This implication of legislative intent forms a part of the ordinance as though expressed. It therefore amounts to a provision for the protection of the landlord rather than the tenant, and should be given a liberal interpretation. (*Mess* v. *Mosteller,* 54 App. D. C. 77, 294 Fed. 1008.) So interpreted, it conclusively indicates that the

board of supervisors, pursuant to the powers conferred upon it by the legislature to "regulate the renting * * * conditions of property for places of abode" (H. L. H. 1945, § 6233, par. 10, § 6521, par. 4) did not intend to sanction a tenant's continued illegal use of a place of abode in violation of one of its own ordinances, nor safeguard such a tenant's possession at the expense of the landlord's property. The tenant's continued use of the rented premises as a place of business was for both an illegal purpose and other than living or dwelling purposes. That use, therefore, brings this case squarely within the exception permitting a landlord to regain possession. No acts of waiver by the parties can alter the fact that the premises have been commercially used for over a year in violation of a municipal ordinance, or change the legislative intent of the rent control ordinance that rented premises so used are beyond its protective purview. Thus neither the termination of tenancy nor the tenant's eviction is prohibited by or contrary to the provisions of that emergency ordinance. The landlords, therefore, had an enforceable right to possession immediately after the termination of the tenancy.

The landlords, however, concededly acted with dispatch and committed no acts of waiver with respect to their right to possession after it came into existence. Prior thereto this right was not capable of being waived by acceptance of rent for the last monthly rental period, the rent accepted covering only the month preceding termination and having no bearing upon the right to possession accruing thereafter. (See *Weaver* v. *Koester,* 54 App. D. C. 80.) Nothing more need be said.

Nevertheless, it is proper to note that the only requisite for terminating the parol tenancy from month to month was that of a timely written notice to vacate as set forth in section 10402 of Revised Laws of Hawaii

1945, the tenant's affirmative acts of illegal use having brought that section into full play so that the landlords could invoke it as they did by giving notice in strict compliance therewith. Neither that section nor any provision of ordinance number 941 as amended required any grounds or reasons for terminating the tenancy to be stated in the notice to vacate. (See *Warthen* v. *Lamas*, 43 A. [2d] 759.) Hence no stated grounds or reasons therefor were necessary to make the notice effective. At this juncture it should be borne in mind that the grounds or reasons under consideration are those for termination, not those of forfeiture for breach of covenant, express or implied, or for committing the offense of common nuisance as provided in section 10403 of Revised Laws of Hawaii 1945. That the landlords knew of the tenant's wrongdoing and assigned his business use as the reason for terminating the tenancy is immaterial. It served merely as a matter of information to the tenant and did not render his continued illegal commercial use inoperative to divert from him the protective force of the rent control ordinance, nor detract in the slightest from the effectiveness of the notice itself. The findings of law to the contrary made by the trial judge are overruled. This court finds that the landlords are entitled to possession and full and complete recovery, the tenant offering nothing to constitute a defense as a matter of law.

Judgment reversed and the cause remanded below with instructions to enter a judgment in favor of the landlords consistent with this opinion.

*K. E. Young* (also on the brief) for plaintiffs in error.

*G. Y. Kobayashi* (*Flint & Kobayashi* and *C. Y. Chika-suye* also on the brief) for defendant in error.